**In re Kevin GOLDNER and Kelly A. Goldner, dba Goldner Construction, Debtors.**

**Bankruptcy No. 92–00750–13.**

United States Bankruptcy Court, D. Idaho.

July 7, 1992.

2. 28 U.S.C. § 1334.

3. 11 U.S.C. § 101(5)(A).

1. 11 U.S.C. § 1325(a)(5)(B)(ii); *Valley National Bank v. Malody (In re Malody)*, 102 B.R. 745, 747 (9th Cir.B.A.P.1989).

Michael B. McFarland, Coeur d'Alene, Idaho, for debtors.

H. James Magnuson, Coeur d'Alene, Idaho, for First Sec. Bank of Idaho.

David Dokken, Ware, O'Connell & Creason, Lewiston, Idaho, for General Motors Acceptance Corp.

## AMENDED MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

First Security Bank of Idaho, N.A., ("Bank") objects to the proposed chapter 13 plan of debtors Kevin and Kelly Goldner and moves for relief from the Section 362 automatic stay. The Bank holds a security interest in a 1989 Chevrolet S10 pickup truck owned by the debtors, who valued the Truck at $7,500.00 in their proposed chapter 13 plan. The basis of the Bank's objection and motion is the value the debtors assigned to the truck.

At the hearing, the debtors and the Bank stipulated the truck had a wholesale value of $8,700.00, and a retail value of $10,-500.00. These valuations represent the approximate "low" and "high" book values for the truck, respectively.

A requirement for confirmation of a chapter 13 plan is that the value of payments to be made to a creditor holding a security interest must not be less than the creditor's allowed secured claim.[1] The amount of the allowed secured claim is defined in 11 U.S.C. § 506(a).[2] Section 506

2. 11 U.S.C. § 506(a) provides in pertinent part:
   An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ..., and is an unsecured claim to the extent that the value of

requires that valuation be performed on a case-by-case basis, in light of (1) the purpose of the valuation, and (2) the proposed disposition of the property.

The Ninth Circuit Court of Appeals has recently rendered a decision on the application of this standard. In *General Motors Acceptance Corp. v. Mitchell (In re Mitchell)*, 954 F.2d 557 (9th Cir.1992), the court dealt with the valuation of an automobile for the purpose of determining the requirements of 11 U.S.C. § 1325(a)(5)(B)(ii). Noting that the purpose of the valuation was to determine the minimum amount required to be paid to GMAC, and the proposed disposition of the property was its continued use by the debtor, the court held the wholesale value was, generally, the appropriate value.[3] While conceding that retail value might be appropriate under certain circumstances, *e.g.*, where the collateral was part of a going concern and the prospects of reorganization were good, the court noted GMAC did not argue the debtor's use of the auto was unusual in any way. 954 F.2d at 560.[4]

The holding in *Mitchell* is consistent with holdings of this Court. In *In re Johnson*, 117 B.R. 577 (Bankr.D.Idaho 1990), Judge Pappas held no hard and fast rules could be formulated, "although replacement cost may be an appropriate standard where the collateral is essential to the effectuation of the debtor's proposed plan, and wholesale value may be appropriate where the collateral is simply incidental to the success of the plan." 117 B.R. at 581.

In the present case, the purposes of the valuation and the proposed disposition of the property are the same as in the *Mitchell* case. Moreover, the Bank does not urge there is anything unusual regarding the used of the property by the debtors which would justify use of the retail value. Based on the stipulation of the parties and the book values as stated, it is found the

proper valuation of the truck for purposes of the debtors' chapter 13 plan is $8,700.00.

The objection to the plan will be denied. It is so ordered.

---

such creditor's interest'...' is less' than' the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed distribution or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

**3.** 954 F.2d at 559–60.

**4.** *See also Malody,* 102 B.R. at 749–750 concluding wholesale value appropriate under Section 1325(a)(5) for automobile.