**In re Gregory L. ANGEL, Debtor.**

**Bankruptcy No. 92–01473–13.**

United States Bankruptcy Court, D. Idaho.

Oct. 7, 1992.

G.W. Haight, Coeur d'Alene, Idaho, for debtor.

Michael Paukert, Paine, Hamblen, Coffin, Brooke & Miller, Spokane, Wash., for Post Falls Mazda.

L.C. Spurgeon, Trustee.

ALFRED C. HAGAN, Chief Judge.

West One Bank, Idaho, N.A., filed an objection to the proposed Chapter 13 plan of Gregory Angel ("debtor"). The proposed plan values a 1991 Mazda B2600i pickup truck in which the Bank has a security interest at $6,075.00. Post Falls Mazda ("Mazda"), to whom the Bank has assigned its interest under a recourse contract, contends this valuation is too low, and argues Mazda is entitled to a retail valuation of $11,000.

At the hearing, Mazda presented the testimony of Duard Gene Reed, the owner of Post Falls Mazda. Mr. Reed testified this particular truck has a B2600i motor, which until 1991 was not available in anything other than four-wheel drive Mazda trucks. The truck is also equipped with a tape deck and an SE–5 package, but not with air conditioning. Under the NADA book, the average wholesale value of the truck is $7,000.00; the average retail value is

$8,400.00. To these figures, the NADA book directs add-ons of $100 for the tape deck, $275 for the SE-5 package, and a deduction of $675 if there is no air conditioning. Mr. Reed testified this truck is a desirable vehicle, and consequently sells at a higher value than that set forth in the NADA book. He also noted the importance of air conditioning in this vehicle is reduced in this region. Mr. Reed estimated the truck, if sold in a commercially reasonable manner by him from his lot, would sell for $11,000.00.

■ The Ninth Circuit has held wholesale value, not retail, should be used in the context of confirmation of a Chapter 13 plan, except where the contemplated use of the vehicle in the plan would support a higher valuation. *General Motors Acceptance Corp. v. Mitchell (In re Mitchell),* 954 F.2d 557, 560–61 (9th Cir.1992). *See In re Goldner,* 142 B.R. 926, 927 (Bankr D.Idaho 1992). Consequently, the Court finds the wholesale values govern in determining the amount of Post Falls Mazda's allowed secured claim.

■ Mazda argues, based on the opinion in *In re Johnson,* 117 B.R. 577 (Bankr.D.Idaho 1990), that its claim should be valued at retail because the value of the truck in the hands of this particular creditor is retail, not wholesale. In the *Mitchell* opinion, however, the Ninth Circuit expressed its preference for wholesale value unless particular circumstances involving the use of the collateral are involved.[1] The court did not provide for an exception merely because the creditor happens to have a peculiar ability to dispose of the collateral. The *Mitchell* decision, as binding precedent, requires this Court to utilize wholesale value.

■ This does not, however, mean the NADA values control in their entirety. The legislative history of section 506(a) provides that " 'courts will have to determine value on a case-by-case basis.' " *Mitchell, supra,* 954 F.2d at 559 (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 68 (1978), *reprint-*

*ed in* 1978 U.S.C.C.A.N. 5787, 5854). The testimony presented by Mazda demonstrates the NADA values are low, and that air conditioning in this case is not as significant an addition to value. Consequently, the Court finds the proper value of the truck to be $7,000.00 based on NADA wholesale, plus additions of $100 for the tape deck and $275 for the SE–5 package, for a total of $7,375.00. No deduction will be made for the lack of air conditioning.

This valuation is significantly higher than that provided for by the debtor's plan. Consequently, the debtor's chapter 13 plan cannot be confirmed. Debtor will be permitted ten days to file an amended plan.

Accordingly, it is,

ORDERED:

1. Confirmation of the debtor's chapter 13 plan is denied.

2. Debtor may amend his plan within ten (10) days of the date hereof.

---

**1.** "In holding that the wholesale value should apply as a general rule in valuing vehicles, we do not suggest that the contemplated use by the debtor in Chapter 13 or Chapter 11 proceedings should never affect the valuation of the creditor's interest." *Mitchell, supra,* 954 F.2d at 560.